UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael D. ANDREAS, et al.,
Defendants–Appellees,

Appeal of The NEW YORK TIMES COMPANY and Dow Jones & Company, Inc.,
Intervenors–Appellants.

No. 98–1441.

United States Court of Appeals,
Seventh Circuit.

Argued June 4, 1998.

Decided July 27, 1998.*

Philip A. Guentert, Office of the United States Attorney, Criminal Division, Chicago, IL, Marion L. Jetton, Department of Justice, Antitrust Division, Appellate Section, Washington, DC, John J. Powers (argued), United States Department of Justice, Antitrust Division, Washington, DC, for Plaintiff–Appellee.

James D. Miller (argued), King & Spalding, Washington, DC, James T. Phalen, King & Spalding, Washington, DC, Joseph J. Duffy, Stetler & Duffy, Chicago, IL, Kristina M.L. Anderson, Fishman, Merrick, Miller, Genelly, Springer, Klimek & Anderson, Chicago, IL, for Defendants–Appellees.

Michael M. Conway (argued), J. Mark Powell, Hopkins & Sutter, Chicago, IL, for Intervenors–Appellants.

Before: COFFEY, FLAUM, and ROVNER, Circuit Judges.

PER CURIAM.

The New York Times Company and Dow Jones & Company (collectively, "the newspapers"), appeal from an order entered by the district court denying in part their motion to make public certain papers and materials related to the criminal prosecution of Michael D. Andreas and Terrance S. Wilson. Andreas and Wilson, both of whom were officers of the Archer Daniels Midland Company (ADM), were indicted along with others in December 1996 on charges of price fixing in the lysine market, a protein additive for poultry and swine feed, in violation of Section 1 of the Sherman Act. Their trial in this widely-publicized case currently is ongoing.

During the course of pretrial discovery, the district court entered two protective orders permitting limited disclosure of otherwise privileged or confidential materials for the purpose of the parties' trial preparation. The protective orders cover grand jury materials, including grand jury testimony, docu-

* This opinion was originally released in typescript.

ments produced in grand jury investigations pursuant to subpoena, and other documents considered by the grand jury. In addition, the orders provide that surveillance tapes purportedly made pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, are confidential, and the orders preclude disclosure of materials relating to ADM's confidential business information and trade secrets, as well as materials relating to the Government's investigation of the citric acid market. Pursuant to these protective orders, the parties to the criminal case filed numerous documents under seal. In addition, the defendants filed pretrial motions under seal, many of which were accompanied by supporting exhibits. The Government's responsive memoranda in opposition to these pretrial motions were also filed under seal.

In September 1997, The New York Times Company filed a motion, subsequently joined by Dow Jones & Company, to intervene in the criminal case in order "to secure public disclosure of documents filed under seal and to modify protective orders."[1] The newspapers' motion listed, by docket number, the documents that had been filed under seal, asserted that the wholesale filing under seal of pretrial motions conflicts impermissibly with the presumption of public access to criminal proceedings, and contended that the district court "must evaluate the specific sealed materials to determine that the 'sealing' is not over-inclusive." The motion also requested that the district court modify the protective order to allow the parties "to file any portions of pleadings under seal only upon a particularized showing to the Court that the need for secrecy overcomes the constitutional and common-law privilege of public access."

The supporting memorandum of law filed by the newspapers made two arguments relating to the disclosure of sealed materials. The first argument—captioned "The Requested Materials Should be Disclosed in Balancing the Constitutional and Common Law Rights to Access"—discussed the pub-

lic's right to attend criminal trials, a right that is rooted in both the First Amendment and the common law, *see, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994), as well as a presumed right of access to pretrial proceedings and documents, *see, e.g., Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). This section of the memorandum argued, then, that there is a general presumption of access to pretrial documents.

The second argument contained in the newspapers' memorandum was captioned "The Seventh Circuit Has Held That Wholesale Sealing of Briefs is Improper." This argument asserted that this Court disfavors the wholesale filing of briefs and motions under seal, in light of the general presumption that judicial proceedings are open to the public. Because only information that is justifiably confidential should be filed under seal, the memorandum argued, the parties were exceeding the permissible scope of the protective orders by filing entire documents under seal.

In response to the newspapers' motion, Andreas and Wilson filed a motion in opposition in which they argued that most of the information contained in the documents that had been filed under seal was confidential and that under such circumstances the wholesale filing of documents under seal may be appropriate. The Government did not oppose the newspapers' motion in the district court. According to the Government's brief to this Court, it construed the motion to be requesting that pretrial documents be made available to the public to the extent they do not contain privileged or confidential material, a proposition to which it is not opposed as a general matter.

The district court, on January 5, 1998, granted the newspapers' motion to intervene. On the merits of the motion, the court denied

---

**1.** The United States and the defendants contend that the argument raised by the newspapers on appeal, which we discuss *infra*, was never raised in the district court, and that the newspapers

have therefore waived the argument. For this reason, we discuss the district court proceedings in some detail.

the newspapers' request to modify the protective order. The court recognized that the constitutional and common-law right to access asserted by the newspapers is not absolute, and that "the presumption of access does not apply to materials properly submitted to the court under seal." In that context, the court discussed the materials that were subject to the protective orders and concluded that they shielded from disclosure materials that should appropriately remain confidential. The court, for example, took note of Federal Rule of Criminal Procedure 6(e) and concluded that "the well-established rule that materials containing grand jury information are protected from disclosure trumps the public's right to access those materials." The confidentiality of Title III surveillance tapes also outweighs the public's rights of access, the court concluded, because "Congress has already balanced the public's right to satiate its curiosity with defendants' rights to the benefits of pre-trial privacy and determined that the scales tip in favor of protection from disclosure." (Citing *United States v. Dorfman*, 690 F.2d 1230, 1233–34 (7th Cir.1982)). The court, therefore, declined to modify the protective orders.

The court did grant the newspapers partial relief, however, with respect to the wholesale filing of documents under seal. Relying primarily upon our decision in *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031–32 (7th Cir.1996) (noting that "[j]udicial proceedings are presumptively open, but particular information may be withheld"), the court refused to allow the parties to continue filing entire documents under seal. Accordingly, the court directed the parties that if they "wish[ed] to file pleadings under seal in the future, they must simultaneously file either a public document with an accompanying sealed supplement or a sealed document with an accompanying public redacted version of that document." With respect to already-filed sealed pleadings, the parties were instructed to file publicly-available redacted copies.

The newspapers now appeal. We have jurisdiction over this appeal under the collateral order doctrine. *See Cohen v. Beneficial*

*Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *United States v. Dorfman*, 690 F.2d 1230, 1231–32 (7th Cir. 1982). The newspapers raise only one argument in this appeal. They contend that "materials, even if initially properly filed under seal, become public documents when a district court reviews and relies upon such documents in making public pre-trial rulings in a criminal case."[2] This argument asserts that the confidential materials submitted to the district court, and relied on or referred to by the court in making its rulings, creates a presumption of access that is distinct from the general presumption of access that applies to all judicial documents. According to the newspapers' argument, a reference by the district court to an appropriately sealed Title III surveillance tape, for example, will render that tape presumptively accessible. The tape could remain sealed, the newspapers argue, only if the opponents of disclosure could make a greater showing that continued confidentiality "was necessary and narrowly tailored to serve higher values, and that no less restrictive alternatives exist to safeguard the competing 'fair trial' interests." *Cf. In re New York Times Co.*, 828 F.2d 110, 115 (2d Cir.1987) ("[T]he right of privacy protected by Title III is extremely important. Nevertheless, where a qualified First Amendment right of access exists, it is not enough simply to cite Title III.... [T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted .").

We are not unsympathetic to the merits of the newspapers' argument, which has enjoyed some acceptance in the courts of appeals. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1048–50 (2d Cir.1995) ("We believe that the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the informa-

---

**2.** The district court has issued a number of rulings relating to the parties' pretrial motions.

tion will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."). This argument also enjoys some support in our precedent. *See Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994); *In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1308–09 (7th Cir.1984). *But see United States v. Corbitt*, 879 F.2d 224, 228–40 (7th Cir.1989) (holding that a presentence report relied upon by the sentencing court should only be disclosed upon a showing of "compelling, particularized need," comparing presentence reports to grand jury materials, and recognizing that "[w]here judicial records are confidential, the party seeking disclosure may not rely on presumptions, but must instead make a specific showing of need for access to the document"); *United States v. Dorfman*, 690 F.2d 1230, 1233–35 (7th Cir.1982) (holding that Title III materials are not presumptively public). But whatever the merits of the newspapers' argument, it is apparent that they have waived it by not raising it before the district court.

We believe that the argument raised by the newspapers on appeal differs in kind from the argument that they raised in the district court—which was merely that all judicial documents are presumptively accessible, unless there are reasons that they should be confidential. The newspapers argue that they did not waive their present argument, and they point to two passages in their memorandum in the district court. The first, contained in the section of their memorandum arguing that all judicial documents are presumptively accessible, states: "But whatever the outer reaches to which the presumption of access applies, the presumption surely applies to core criminal justice procedures such as motions seeking dismissal of indictments and supporting legal memoranda." This passage is not supported with a citation to any authority. The second passage, contained in the part of the memorandum arguing that the wholesale filing of briefs is improper, states: "While pure discovery materials are not subject to the presumption of access, information used at trial or otherwise that serves as a basis for judicial decisions enters the public record. *Id.*

[citing *In re Grand Jury Proceedings: Victor Krynicki*, 983 F.2d 74, 75 (7th Cir.1992) (Easterbrook, J., in chambers) ]."

These statements do not support the newspapers' contention that they raised their argument below. The first statement came in the context of arguing that *all* judicial records are presumptively accessible, an argument that is quite different from the newspapers' current argument, which is that even confidential records become presumptively accessible when they have been referred to by the district court. The second statement, and the accompanying citation to *Krynicki*, may seem more supportive of the newspapers' position on the surface, but analysis of the statement in context reveals that it does nothing to support the newspapers' claim. The statement was part of a description of *Krynicki*, as the sentence following it makes evident: "Judge Easterbrook ruled that the briefs were to be publicly filed and that any information which could properly be held confidential in light of the presumption of public access had to be included in a separate addendum." More importantly, the passage was contained within a substantive argument that differs materially from the contention that the newspapers now assert on appeal. We have held time and again that perfunctory and undeveloped arguments (even constitutional ones) are waived, *see, e.g., United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991), and we so hold in this case.

Our adherence to the waiver doctrine in this case is particularly important due to the nature of the newspapers' argument. Their argument recognizes that the alleged presumption of access can be rebutted, such that even documents referred to by the district court in issuing a pretrial order may, upon a proper showing of necessity of confidentiality, remain sealed. Our precedent recognizes the sensitivity of the inquiry into disclosure, and we have emphasized that the determination is appropriately made by the district court in the first instance, which is most familiar with the intricacies of the case and the need for privacy. *See Corbitt*, 879 F.2d at 224; *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Precedent re-

lied upon by the newspapers at oral argument also recognizes the essential role of the district court judge in making determinations on the propriety of disclosure. *See In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987) ("The job of protecting such [privacy] interests rests heavily upon the shoulders of the trial judge, since all the parties who may be harmed by disclosure are typically not before the court."). By not raising their current argument in the district court, the newspapers have deprived the district judge of the opportunity to make a sensitive, fact-based inquiry into the competing interests favoring and militating against disclosure. In addition, the parties have had no opportunity to explain why documents should remain confidential, notwithstanding the alleged presumption of accessibility. Because we should not make such determinations regarding the propriety of disclosure in the first instance on appeal, we believe that adherence to the waiver doctrine is particularly appropriate under these circumstances.

The newspapers have waived their only argument raised on appeal. Thus, we affirm the decision of the district court.