In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-1700

MARY ELIZABETH NEWBOLD,

*Plaintiff-Appellant,*

*v.*

WISCONSIN STATE PUBLIC DEFENDER,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-C-391-C—**Barbara B. Crabb**, *Chief Judge.*

ARGUED SEPTEMBER 9, 2002—DECIDED NOVEMBER 19, 2002

Before EASTERBROOK, KANNE, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Mary Elizabeth Newbold filed suit against her former employer, the Wisconsin State Public Defender (WSPD), alleging discrimination and retaliation based on her age and sex. The district court granted summary judgment for the WSPD after concluding that Newbold filed her case too late to meet the statute of limitations on her claims and that the limitations period should not be equitably tolled. Newbold appeals, asserting that one of her retaliation claims is timely under the doctrine of equitable tolling and that she also has a second retaliation claim which the district court erroneously failed

to consider. Newbold does not contest that her discrimination charge was filed too late with the Equal Employment Opportunity Commission (EEOC) and that it is doomed unless revived by equitable tolling.

For the purposes of summary judgment, there is no dispute about the timing of the events underlying Newbold's claims. In January 1995 the WSPD hired Newbold, who was 55 at the time, as an investigator in its Racine office. On June 21 and 22, 1995, Newbold filed harassment complaints with WSPD's affirmative action officer. On August 3, 1995, the WSPD fired Newbold. She filed her first charge of discrimination on May 14, 1996. The Wisconsin Personnel Commission (WPC) and the Equal Employment Opportunity Commission do not have a worksharing agreement allowing a state agency filing to be deemed concurrently filed with the EEOC. The charge form did state that the WPC would forward a copy of the complaint to the EEOC if Newbold checked the appropriate box—which she did. The charge was not sent to the EEOC, however, until August 6, 1996, and the EEOC did not log it as filed until September 17, 1996.

On July 23, 1996, the Wisconsin Department of Employment Relations informed Newbold that it was removing her name from the public defender investigator (PDI) register, a list of certified candidates for WSPD investigator jobs. This action was taken at WSPD's request. On September 17, 1996, Newbold completed a second charge of discrimination with the WPC regarding the removal of her name from the PDI register. In this charge she stated:

> The complaint I filed May 14, 1996 with the Personnel Commission is the basis for this additional discrimination and retaliation complaint regarding the removal of my name from the 1996 Investigator 2 list by [the Division of Merit Recruitment and Selection] at the request of Carla Blum, SPD Personnel Director.

As with her May 14 charge, Newbold checked the box to forward it to the EEOC. The EEOC received her papers on September 19, 1996.

The WPC ultimately dismissed her charges. On June 21, 2000, the EEOC sent Newbold a letter concurring in the dismissal of her first retaliation charge. On December 20, 2000, the EEOC sent Newbold a letter concurring in the dismissal of her second retaliation charge.

Newbold filed suit in the United States District Court for the Western District of Wisconsin, alleging that the WSPD discriminated and retaliated against her. Newbold moved to proceed *in forma pauperis*, and the district court granted the motion as to Newbold's claim that the WSPD retaliated against her by firing her on August 3, 1995, and removing her from the public defender investigator register on July 23, 1996.

On February 23, 2001, the district court granted the WSPD's summary judgment motion. The court noted that although Newbold was terminated on August 3, 1995, she did not file her charge of discrimination with the WPC until May 14, 1996, or with the EEOC until September 17, 1996. Based on this charge, the court found that Newbold's claims were barred by the 180-day EEOC filing deadline for retaliation claims. The court did not, however, mention Newbold's September 17, 1996, WPC charge which was forwarded to the EEOC on September 19, 1996.

Our standard of review on this question of law is *de novo*, but we view the facts and all reasonable inferences in favor of Newbold, the nonmoving party. *See Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 448 (7th Cir. 2001).

Under 42 U.S.C. § 2000e-5(e)(1), Title VII claimants are required to file their discrimination charge within 180 days after the alleged unlawful employment practice. If a claimant has initiated proceedings in a state agency with the authority to grant relief from unlawful employment prac-

tices, however, the claimant has 300 days after the alleged unlawful employment practice occurred to file her charge with the EEOC. The WPC has jurisdiction over all charges covering the employment practices of the agencies of the State of Wisconsin except those alleging retaliation under 704(a) of Title VII. *See* 29 C.F.R. § 1601,74(a) at n.12. Newbold argues that state agencies lulled her into believing that a 300-day instead of a 180-day deadline applied to her claims and that the WPC would concurrently file an EEOC claim when it accepted her state charge. Newbold therefore argues that the 180-day statute of limitations for retaliation claims should be equitably tolled and her EEOC charge deemed timely filed.

Newbold proceeds under a theory of equitable tolling because she alleges that the Department and the WPC—not the WSPD—misled her. Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, she is unable to obtain vital information bearing on the existence of her claims. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). It may be particularly appropriate if an administrative agency misleads a plaintiff. *See Alsaras v. Dominick's Finer Foods, Inc.*, 248 F.3d 1156, 2000 WL 1763350, at *3 (7th Cir. 2000) (tolling appropriate when EEOC representative told plaintiff she had a year rather than 300 days to file suit); *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992) (tolling appropriate when EEOC informed plaintiff he had completed all necessary paperwork for charge when he had only filled out intake questionnaire).

The problem for Newbold is that she was not misled about EEOC deadlines; rather, she was given correct information about the WPC's deadlines. Although Newbold provides ample documentation that she was told that a retaliation claim under the Wisconsin Fair Employment Act had to be filed within 300 days, nothing that she cites

discusses time limitations for actions under Title VII. Furthermore, Newbold does not mention, and the record does not indicate, any attempt on her part to ascertain the federal deadlines and procedures for filing an EEOC claim until December 18, 1996. Notably, one of the forms in the WPC packet that Newbold received said:

> Federal anti-discrimination and equal opportunity laws differ from state laws. Procedures used by the federal government in processing complaints are also different. If more information concerning federal laws or complaint procedures is desired, contact the Equal Employment Opportunity Commission, 310 West Wisconsin Avenue, Suite 800, Milwaukee, WI 53203-2211, or telephone (414) 297-1111.

Newbold received this cautionary note on December 27, 1995. Had she heeded this note and contacted the EEOC, she would have discovered that she still had 35 days to timely file a retaliation charge based on her termination. This is not a case where the EEOC misled a claimant or where a state agency authoritatively addressed potential EEOC deadlines. Newbold did not exercise the requisite amount of due diligence that would entitle her to equitable tolling, and the district court did not err in finding the doctrine of equitable tolling inapplicable.[1] We note that

---

[1] Even if the district court had reached the merits of Newbold's first retaliation claim, it is highly unlikely that she would have survived summary judgment. She essentially relies on the temporal proximity of the events to establish a causal connection between her internal complaints and her termination. The fact that the WSPD began disciplining Newbold *prior* to her protected activity weighs against the sufficiency of temporal proximity alone. *See Speedy v. Rexnord Corp.*, 243 F.3d 397, 403 (7th Cir. 2001). Even more deadly to Newbold's retaliation claim is her own theory of her case. In her brief to the WPC prior to its
(continued...)

Newbold's claims likely would have been timely under state law, but she chose to forego those remedies for suit in federal court.

Newbold also argues that the district court erroneously overlooked her second retaliation claim but should have found it timely since the adverse action (taking her name off the PDI register) occurred on July 23, 1996, and she filed her EEOC charge on September 19, 1996—well within the 180-day deadline.

As the WSPD notes, the district court did not interpret Newbold's complaint as stating two distinct retaliation claims. Rather, the district court saw the removal of New-bold's name from the PDI register as potential support for her argument that the WSPD's rationale for her termination was a pretext for discrimination. The district court's reason for considering the evidence in this way is clear—Newbold did not have a right-to-sue letter from the EEOC on this retaliatory removal claim. Furthermore, even her WPC charge on this issue indicated that the removal of her name was merely related to her initial charge. Although Newbold mentioned her second retaliation charge in her summary judgment opposition, she did not argue in her brief that the district court should have found this claim timely or otherwise indicate that the court erred in its construction of her complaint. For this reason, we believe that Newbold has waived any argument based on the timeliness of this second charge. *See, e.g., United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998).

---

[1] (...continued)
determination of the merits of her claims, Newbold argued that a supervisor at the WSPD decided to fire her in April 1995—before she had engaged in any protected activity.

Even if we characterize this as an argument that the district court should have allowed Newbold to proceed *in forma pauperis* on her second retaliation claim as a stand-alone claim, it fails on the merits. First of all, Newbold cannot meet her burden of establishing a *prima facie* case of retaliation. She did not present any evidence that the removal of her name was an adverse employment action and not a normal consequence of termination for cause. *See Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992). Clearly there can be no causal connection between the first WPC charge and the removal of her name because Carla Blum, personnel officer for the WSPD, requested the removal of her name on July 1, 1996, but the WSPD did not learn of Newbold's charge until August 6, 1996. There is also no evidence that Newbold's internal discrimination complaints filed on June 21 and 22, 1995, were linked to the removal of her name on July 23, 1996—over a year later. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (6 months too long to establish causal connection); *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 711 (7th Cir. 2002) (3 months insufficient). In addition, there is no evidence that the WSPD's rationale for requesting the removal of her name was a pretext for covering up discrimination. Wisconsin Administrative Code § ER-MRS 6.10(4) provides that an applicant may be removed from an employment register who "has been dismissed from the state service for cause, and the action is requested by the appointing authority," and Wisconsin Administrative Code § ER-MRS 6.10(8) provides that applicants with unsatisfactory work records may be removed from a register.

In short, the real claim here, retaliatory discharge, is time-barred, and allowing Newbold to proceed on any other claim would be an exercise in futility. For these reasons, we AFFIRM the district court's grant of summary judgment in the WSPD's favor.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*