**Ricardo A. MELARA, Plaintiff–Appellant,**

v.

**CARMICHAEL LEASING COMPANY., Defendant–Appellee.**

**No. 02–2817.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 24, 2003.*

Decided Feb. 26, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, HCUDAHY, and KANNE, Circuit Judges.

## ORDER

Ricardo Melara, a Hispanic male, sued his former employer, Carmichael Leasing Co., under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e–2000e–17. Melara argued that Carmichael discriminated against him and harassed him on the basis of his race and national origin, and retaliated against him for a grievance and EEOC charge he filed complaining about the discrimination and harassment. The district court granted summary judgment to Carmichael on all of Melara's claims. Melara appeals, and we affirm.

Melara began working for Carmichael as a journeyman truck mechanic in August 1995. According to Melara, Carmichael discriminated and retaliated against him by: (1) forcing him to perform an excessive amount of "grunt work"– the more difficult and "dirty" jobs performed by Carmichael's mechanics; (2) asking him to drive a truck for which he was not properly licensed; and (3) denying him training and advancement opportunities. Further, Melara alleges that Tom Pulcini, his supervisor, harassed him with slurs about his Hispanic heritage. But though Melara claims that the harassment began in March 1998, he did not file a grievance until December 1998. He received a right-to-sue letter from the EEOC in August 2000 and filed this suit in October 2000.

Melara resigned from Carmichael in January 2002.

On appeal Melara's only intelligible argument is that the district court improperly determined that his ten-month delay in reporting his harassment foreclosed his case. The court pointed out that Melara's delay prevented him from taking advantage of any preventive or corrective opportunities that Carmichael could have sooner provided. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). We review *de novo* the district court's grant of summary judgment and examine the facts and all reasonable inferences drawn from the record in the light most favorable to Melara, the non-moving party. *Newbold v. Wis. State Pub. Defender,* 310 F.3d 1013, 1015 (7th Cir.2002).

Without elaboration or citation to authority, Melara contends that his failure to report the discrimination until ten months after it began was not unreasonable because the harassment continued long after he filed his grievance. By waiting ten months, however, Melara gave Carmichael no opportunity to take action to respond promptly to the harassment. Indeed, the district court found that upon learning of Melara's claim, Carmichael conducted a prompt and adequate investigation by immediately interviewing every mechanic on Melara's shift. We cannot say that the district court erred in finding Melara's delay unreasonable. *See Gawley v. Ind. Univ.,* 276 F.3d 301, 312 (7th Cir.2001) (delay of seven months from the onset of the discrimination was unreasonable); *Savino v. C.P. Hall Co.,* 199 F.3d 925, 932–33 (7th Cir.1999) (delay of approximately four months was unreasonable).

Melara raises a variety of other unsubstantiated arguments in his brief, but none of these takes particular issue with the district court's decision or contains sup-

porting citations to legal authorities or documents in the record. We are aware of the "unique challenges facing *pro se* litigants," but if a *pro se* litigant fails to comply with Rule 28 of the Federal Rules of Appellate Procedure, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). We "construe *pro se* filings liberally" and will analyze any "cogent arguments" that can be discerned from an appellate brief, but here we can discern no other arguments from Melara's brief. *See id.* The judgment of the district court is AFFIRMED.