In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1723

Rebecca Lewis,

Plaintiff-Appellant,

v.

Holsum of Fort Wayne, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 99 C 302--William C. Lee, Chief Judge.

Argued November 1, 2001--Decided January 28, 2002

   Before Flaum, Chief Judge, and Manion, and
Kanne, Circuit Judges.

   Kanne, Circuit Judge.  Rebecca Lewis
filed a pro se complaint in the District
Court for the Northern District of
Indiana alleging that Holsum of Fort
Wayne, Inc., discriminated against her on
the basis of her race, disability, and
sex and that she was terminated from her
employment with Holsum in retaliation for
filing a claim with the Equal Employment
Opportunity Commission ("EEOC") in
violation of both the Americans with
Disabilities Act of 1990 ("ADA"), 42
U.S.C. 12201 et seq., and Title VII of
the Civil Rights Act of 1964. The
district court granted Lewis leave to
amend her complaint. Lewis added an
additional theory of recovery asserting
that she was denied medical leave and
terminated in violation of the Family
Medical Leave Act ("FMLA"), 29 U.S.C.
sec. 2601 et seq. The district court
granted summary judgment in favor of
Holsum. Lewis now appeals. Because this
court finds that the district court
correctly entered summary judgment in
favor of Holsum, we affirm.
I.  History

   Lewis, an asthma sufferer, and her
husband, Mack Lewis ("Mack"), were both
employed at Holsum bakery. Because of her
asthma, Lewis worked under medical

restrictions to avoid flour dust. During the summer of 1997, Lewis applied for a transfer within Holsum. Holsum denied Lewis' request because it believed that Lewis could not perform the essential functions of the job due to her medical restriction. After this denial, Lewis filed a grievance with her union. Holsum responded to that grievance and stated that if Lewis could supply a note from her doctor stating that her medical restriction could be lifted, it would consider her for the job. Lewis obtained a statement from her family physician which provided: "O.K. for Rebecca Lewis to work without restrictions with flour dust." Despite this note from her physician, Lewis did not receive the transfer. In October 1997, Lewis filed a charge with the EEOC concerning the denial of her transfer request. The EEOC found no probable cause and issued a Dismissal and Notice of Right-to-Sue. However, Lewis never filed suit.

On December 17, 1997, Lewis suffered an asthma attack at work. She checked into St. Joseph Medical Center and remained there for four days, through the evening of December 21, 1997. Her treating physician, Dr. Yogesh M. Amin, M.D., wrote Lewis an off-work slip dated December 18, 1997. The off-work slip stated that Lewis "is currently hospitalized" at St. Joseph Medical Center. It did not indicate when Lewis could return to work. Mack delivered the off-work slip to Holsum and Jim Prater, plant manager for Holsum, acknowledged receiving the slip.

Although Lewis was scheduled to work on December 19, 1997, she did not appear and Holsum designated the day as time off for FMLA leave. From December 21, 1997 through December 28, 1997, Lewis and her husband both had scheduled to take time off from work using their vacation time. Holsum scheduled Lewis to return to work on December 29, 1997; she was also scheduled to work on December 31, 1997 and January 2, 1998, that same week. Lewis, however, did not return to work on December 29, 1997, nor did she show up for work on December 31, 1997 or January 2, 1998. Further, Lewis did not call into work on any of these days to inform Holsum of her need to be absent. At her deposition, Lewis admitted that throughout the relevant time period, she

had access to a telephone. Because Lewis failed to call in or show up for work on three consecutive days she was scheduled to work, Prater decided to terminate Lewis' employment on January 2, 1998, consistent with Holsum's company rules, its Attendance Policy, and a Holsum-Union Labor Agreement. Lewis admitted at her deposition that she was aware of Holsum's rule that terminates employment if an employee fails to call in for three consecutive scheduled work days.

Lewis had a follow-up appointment with Dr. Amin on January 2, 1998. Dr. Amin gave her an off-work slip dated December 17, 1997 through January 8, 1998. The slip further indicated that Lewis could return to work on January 8, 1998. Mack delivered the slip to Holsum on January 2, 1998. Prater does not dispute that Mack delivered the slip on January 2. However, Prater indicated at his deposition that he did not receive the slip until January 3, 1998.

The district court granted summary judgment in favor of Holsum on Lewis' FMLA and retaliatory discharge claims. The district court explained that Lewis was properly terminated in accordance with company policy and not in violation of the FMLA. The court further found that Lewis failed to establish an essential element of her retaliatory discharge claim, a causal connection between her EEOC charge and her termination. Lewis argues that the district court erred in granting summary judgment in favor of Holsum. She contends that because she was on continuing FMLA leave and because she turned in her off-work slip promptly on January 2, 1998, she was terminated in violation of the FMLA. Additionally, Lewis argues that the district court failed to consider other factors that establish the causal connection between her termination and her EEOC charge.

II.  Analysis

We review a grant of summary judgment de novo, viewing all of the facts, and drawing all reasonable inferences therefrom, in favor of the nonmoving party. See Furnish v. SVI Sys., Inc., 270 F.3d 445, 448 (7th Cir. 2001). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See id.; Fed. R. Civ. P. 56(c). If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). We conclude that the district court's grant of summary judgment with respect to Lewis' FMLA claim was proper because, contrary to Holsum's company rules, Attendance Policy, and Labor Agreement, Lewis failed to notify Holsum of her need for leave for three consecutive work days following her vacation. Additionally, the district court correctly granted Holsum's summary judgment motion with respect to Lewis' retaliatory discharge claim because Lewis failed to establish a causal link between her termination and her EEOC charge.

A. FMLA

The parties to this appeal do not dispute that Lewis was qualified for FMLA leave, but rather argue whether Lewis was required to call in advance everyday she was scheduled to work but was going to be absent. Holsum's company rule D-1 states that written reprimands will be issued for "[f]ailure to notify authorized company personnel not less than one (1) hour before scheduled reporting time when unable to report for duty." After the third offense, company rule D-1 calls for the discharge of the employee. Holsum's Attendance Policy provides:

If given a return-to-work date by the doctor, report this date when you call in. If you actually return on this date, no other phone call is required. If no date is given, or the date is changed by the doctor, you must call in advance every day you are scheduled.

(Emphasis added). Lewis' original off-work slip provided no return to work date. Consequently, following Lewis' scheduled vacation, pursuant to company policy, she was required to call in advance of her absences on December 29

and 31, 1997, and January 2, 1998. Lewis admitted at her deposition that she was aware of the rule terminating employees for failure to call in on three consecutive scheduled work days. FMLA regulations provide that "[a]n employer may . . . require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave." 29 C.F.R. sec. 825.302(d). Holsum's company rules and Attendance Policy are "usual and customary" requirements. See Gilliam v. United Parcel Serv., Inc., 233 F.3d 969, 971-72 (7th Cir. 2000).

In Gilliam, we explained that the FMLA does not "authorize employees on leave to keep their employers in the dark about when they will return." Id. at 971. Gilliam requested leave to visit his fiance and newborn child on a Friday. See id. at 970. United Parcel Service ("UPS"), Gilliam's employer, granted his request. See id. Gilliam did not contact his employer until the following Thursday morning, at which point Gilliam was informed that on Tuesday morning his employment with UPS had been terminated. See id. Gilliam failed to follow an applicable collective bargaining agreement provision that stated that an employee on leave is required to call his supervisor no later than the beginning of the third day of leave, in order to let the supervisor know how much more leave would be required. See id. at 970-71. Similarly, in the present case, Lewis failed to comply with applicable company rules and policies.

Moreover, paragraph 5.7(c) of the Labor Agreement between Holsum and the Union states that "the relationship of Employer and employee shall be considered broken and terminated when any of the following circumstances arise: . . . (c) An employee is absent for three (3) working days without notifying the Company unless it is impossible for him to do so." Lewis was in Fort Wayne, Indiana, on December 29 and 31, 1997, and on January 2, 1998. Not only did Lewis indicate at her deposition that during that time period she had access to a telephone, but also, Mack was working at Holsum as scheduled and could have notified Holsum of Lewis' need to be absent from work. Thus, it was not impossible for Lewis to notify Holsum. Similar to Gilliam's discharge,

Lewis' discharge does not violate the FMLA. See id. at 972.

B.   Retaliatory Discharge

   Without direct evidence, Lewis acknowledges that to establish a prima facie case of retaliatory discharge, she must show (1) that she engaged in a statutorily protected activity; (2) that she suffered an adverse action subsequent to this activity; and (3) that there was a causal link between the protected activity and the adverse action. See Rizzo v. Sheahan, 266 F.3d 705, 714 (7th Cir. 2001); Oest v. Ill. Dept. of Corrections, 240 F.3d 605, 616 (7th Cir. 2001). Upon this showing, the burden shifts to Holsum to present a legitimate, non-discriminatory reason for Lewis' termination. See Rizzo, 266 F.3d at 715. Once Holsum provides such a reason, the burden shifts back to Lewis to demonstrate that Holsum's stated reason for terminating her was merely a pretext for retaliation. See id. The parties do not dispute that Lewis engaged in a statutorily protected activity (filing the EEOC charge) and that she suffered an adverse action (termination). The issue, however, is whether Lewis has established a causal link between the protected activity and the adverse action.

   In support of her claim, Lewis argues that an inference of retaliation can be drawn from the timing of the events. She filed her charge with the EEOC in October 1997 prior to her January 1998 termination. This attenuated sequence of events, however, without more, is insufficient to make out a prima facie case of retaliation. See Oest, 240 F.3d at 616 ("The inference of causation weakens as the time between the protected expression and the adverse action increases, and then additional proof of a causal nexus is necessary.") (quotation omitted); see also Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000) ("Speculation based on suspicious timing alone, however, does not support a reasonable inference of retaliation; instead, plaintiffs must produce facts which somehow tie the adverse decision to the plaintiffs' protected actions. The mere fact that one event preceded another does nothing to prove that the first event caused the second.") (citations omitted). In Sauzek, a three-month

interval was too long to support an inference of retaliation. See Sauzek, 202 F.3d at 918-19. Similarly, we find that the interval between Lewis' October 1997 EEOC charge and her January 1998 termination, without more, to be too long to support an inference of retaliation. Beyond timing, Lewis attempts to bolster her retaliation claim with contentions regarding Prater's behavior and his treatment of Lewis. This court finds, however, that these contentions are either not supported by the record or that they are insufficient to establish a causal link.

Moreover, even if Lewis established a prima facie case of retaliatory discharge, her claim would still fail, because, as discussed in Part II. A, Holsum presented a legitimate, non-discriminatory reason for terminating her employment and Lewis has not provided evidence that this reason is pretextual. See Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc., 254 F.3d 644, 654 (7th Cir. 2001). Therefore, we find that the district court correctly granted summary judgment for Holsum on Lewis' retaliatory discharge claim.

III. Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Holsum.