**Sherby SCURTO, Plaintiff–Appellant,**

v.

**COMMONWEALTH EDISON CO., Defendant–Appellee.**

**No. 01–1861.**

United States Court of Appeals, Seventh Circuit.

Submitted April 24, 2002.*

Decided June 3, 2002.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

### ORDER

After leaving her job as a chemistry technician for Commonwealth Edison ("ComEd"), Sherby Scurto, an African–American woman, sued the company for racial discrimination in violation of Title VII, as well as violations under the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, *et seq.*, and the Illinois Personnel Record Review Act ("IPRRA"), 820 ILCS 40/1, *et seq.* The district court granted ComEd's motion for summary judgment in part, dismissing all claims except Scurto's Title VII claims for failure to train and hostile work environment. In March 2001 those claims were tried to a jury, which found for ComEd on special

---

* On April 23, 2002, we granted Scurto's motion to withdraw her request for oral argument. Thus, the appeal is submitted on the briefs and the record.

verdicts. Scurto now appeals only the district court's grant of summary judgment on her Title VII retaliation claim. We affirm.

Sherby Scurto began working at ComEd as a Chemistry Technician B in the Zion Nuclear Power Station in July 1989. In November 1995 she moved to ComEd's Systems Materials Analysis Department, where she was the only African–American employee. On December 4, Scurto wrote a six-page memorandum to Raam Gaitonde, her department head, contesting her previous unfavorable job evaluations and suggesting numerous operational changes. Among her concerns, Scurto stated that Bill Treasurer, a co-worker who sometimes supervised her, was biased against her and favored her white colleague Dan Paulsen. Scurto's memorandum did not link Treasurer's bias to any racial animus.[1]

Scurto claims that at least ten months after she sent the memorandum to Gaitonde, ComEd's management lowered her performance rating. In October 1996 Scurto's immediate supervisor rated her performance "E" (excellent), but at some point before January 1997 a panel of upper management downgraded the rating to "M+" (meets all expectations). This change had been carried out according to a "forced ranking" system ComEd had adopted in 1996, under which a management panel—including Gaitonde—could modify initial rankings made by supervisors and rate employees along a bell curve.

Scurto asserted in her deposition that at some point after she wrote the memorandum, Gaitonde told her that "he had friends in high places and she would not go anywhere in the company." As to the precise date when Gaitonde allegedly made this comment, Scurto's testimony has been unclear and contradictory. In her brief on appeal, she states that Gaitonde made the statement at a meeting with Scurto and three members of ComEd management on January 11, 1996. But in pleadings she filed with the district court to oppose summary judgment, Scurto never mentioned any such meeting. On the contrary, Scurto stated in her deposition, "I don't recall this meeting that we had, the specifics of it." In that same deposition, she also testified that Gaitonde had made the "friends in high places" comment in response to an e-mail that she had sent former ComEd President Sam Skinner back on July 31, 1995.

In February 1997 Scurto filed a charge with the EEOC and was issued a right-to-sue letter. In October she filed this lawsuit alleging among other things that her downgraded evaluation was a retaliatory act that violated Title VII. Scurto continued to work at ComEd until May 1998, when she took a paid medical leave of absence for treatment of depression. Scurto was released to work late in July 1998, but did not return to work. When ComEd's Human Resources Representative TyWayne Wilson called her at home to discuss the matter, Scurto stated that she would not return to her department at ComEd due to a hostile work environment, and that she had a lawsuit pending in federal court. Wilson asserts that he "told her to separate it [the hostile work environment issue] from her lawsuit." Scurto still did not return to work, and ComEd terminated her employment early in August 1998. She then amended her com-

---

1. Scurto's only reference to race in her December 4, 1995 memorandum was her complaint regarding the use of the label "KKK" for water samples from the Kankakee River. She stated: "Being a black female, I personally found the labelling [sic] offensive and professionally unacceptable."

plaint to add a claim under Title VII for retaliatory discharge.

In a comprehensive 46–page opinion, Judge Pallmeyer granted ComEd's motion for summary judgment on Scurto's Title VII retaliation claims, as well as her FMLA and IPRRA claims. With regard to the retaliation claim, the district court concluded that Scurto introduced no evidence to establish a causal nexus between her December 4, 1995 memorandum and the reduction in her performance rating. The court also held that Scurto's termination occurred too long after the filing of her lawsuit to constitute retaliation. The court allowed Scurto's failure-to-train and hostile work environment claims to proceed, but ComEd eventually prevailed on them in a jury trial. Scurto now appeals only the district court's grant of summary judgment on her retaliation claims.

Scurto raises two issues on appeal. First, she claims that the district court erred in concluding that ComEd's reduction of her performance rating was not retaliatory. Second, she argues for the first time on appeal that ComEd terminated her employment in retaliation for her refusal to drop her hostile work environment claim.

We review a grant of summary judgment *de novo*. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In reviewing summary judgment, we draw all reasonable inferences from the evidence in the light most favorable to the non-moving party. *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 448 (7th Cir.2001). But "if the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because 'a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." ' *Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Both of Scurto's arguments on appeal are retaliation claims, which require a *prima facie* showing of: (1) statutorily protected expression under Title VII, (2) an adverse employment action, and (3) a causal link between the protected expression and the adverse action. *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 358 (7th Cir.2002). If the plaintiff establishes these elements, the burden shifts to the defendant to produce evidence that there was a lawful motivation for the adverse employment action. *Eiland v. Trinity Hosp.*, 150 F.3d 747, 753 (7th Cir.1998).

Scurto contends with her first argument that the district court incorrectly held that there was no evidence to establish a causal link between her December 4, 1995 memorandum and ComEd's downgrading of her performance rating in late 1996. She states that the court ignored evidence that Gaitonde threatened her career advancement during a meeting on January 11, 1996 concerning the memorandum, and that this evidence could establish a triable issue of fact regarding the causal link. Specifically, Scurto claims that Gaitonde told her at the meeting that "he had friends in high places and she would not go anywhere in the company."

The district court correctly found that Scurto could not prove a causal link because at least ten full months had passed between her memorandum and ComEd's reduction in her performance rating. "A long time period between a remark and an adverse employment action can defeat the inference of a causal nexus between the remark and decision to discharge." *Oest*

*v. Ill. Dep't. of Corrections,* 240 F.3d 605, 611 (7th Cir.2001). Scurto's sole assertion that the court must examine the "evidence as a whole," rather than "the mechanical measurement of time periods" is unpersuasive. *See e.g. Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001); *EEOC v. Yellow Freight System, Inc.,* 253 F.3d 943, 952–53 (7th Cir.2001) (six-week time period insufficient to demonstrate nexus).

■ Additionally, as ComEd points out, Scurto's downgraded performance assessment is not an "adverse employment action" for Title VII purposes, because it did not result in tangible economic consequences for the employee. *Markel v. Bd. of Regents of Univ. of Wisconsin,* 276 F.3d 906, 911 (7th Cir.2002); *Longstreet v. Ill. Dep't. of Corrections,* 276 F.3d 379, 384 (7th Cir.2002) (reduction in performance evaluation not tangible consequence). The record demonstrates that after her rating was downgraded, ComEd promoted her in June 1996 to General Chemist, a more senior position with greater opportunities for advancement. Consequently, Scurto suffered no tangible economic consequences from the downgrading of her performance rating, and she may not establish a claim on this basis.

■ Scurto now raises for the first time on appeal a second claim that ComEd terminated her because she refused to comply with the company's demand that she dismiss the hostile work environment claim from her lawsuit. Scurto claims that ComEd's Human Resources Representative TyWayne Wilson issued this demand in August 1998, when he called her to discuss her potential return to work after she was released to return by Occupational Health Services. Scurto attempts to support this claim with an affidavit from Wilson (an affidavit that ComEd introduced in support of its motion for summary judgment), in which Wilson states that he "told her to separate it [the hostile work environment issue] from her lawsuit. But Scurto waived this claim by failing to raise it at any stage of the proceedings below. *Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir.2001).

AFFIRMED.