**Robert ANTONSON, Plaintiff–Appellant,**

v.

**UNITED ARMORED SERVICES, INC., Defendant–Appellee.**

No. 02–1593.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 7, 2002.

Decided Sept. 17, 2002.

Before BAUER, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Robert Antonson filed suit against United Armored Services, Inc., alleging that United Armored denied him a promotion and eventually fired him in retaliation for his complaints that co-workers and supervisors made slurs about his national origin. But the district court concluded that Antonson lacked evidence to back up his claims and so granted summary judgment to United Armored. We affirm.

Antonson, who was born in Romania, began working for United Armored in 1995. As an ATM technician, he installed, maintained, and repaired ATM machines at various field locations. He claims that

almost from the day he started co-workers and supervisors called him such things as "dumb foreigner" and "the immigrant." After two years on the job, Antonson finally wrote to the CEO and the United Armored board of directors to complain about the name calling. Four months after writing the letter, he was denied a promotion. The denial prompted Antonson to file a charge with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC") alleging that he was denied the promotion in retaliation for his complaints of harassment.

The IDHR eventually filed a complaint against United Armored with the Illinois Human Rights Commission based upon its review of Antonson's charge. Two months later, in August 1999, United Armored fired Antonson because, it says, he had falsely entered in his driver's log that he had dropped off a Zone Bag (a bag of keys technicians use to service ATM machines) at the end of his shift to a field kiosk when in fact he had never picked up the Zone Bag or even been at the field kiosk. United Armored says it discovered the false entry after investigating a report from another field technician, auditing Antonson's logs, and conducting a surveillance of Antonson one day during July 1999. Antonson insists that company policy required him to write "Drop Zone Bag" in his log at the end of each shift even if he never had the Zone Bag, and that he had ended his shift at the field kiosk even if the surveillance team did not seen him there.

After United Armored fired him, Antonson filed a second charge with the Illinois Department of Human Rights and EEOC alleging that he had been fired in retaliation for filing the first charge. The EEOC issued right-to-sue letters on both charges, and Antonson filed this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as state law claims of intentional infliction of emotional distress, negligent supervision, and breach of contract.

The district court granted summary judgment to United Armored on Antonson's Title VII as well as state law claims. Antonson filed a timely appeal; he has abandoned his state-law claims and argues only that the district court should not have granted summary judgment on his retaliatory discharge claim.

In order to survive summary judgment on his retaliatory discharge claim, Antonson needed to come forward with specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(c); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 752 (7th Cir.2002). Antonson did not attempt to come forward with direct evidence of retaliation, relying instead upon the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, a plaintiff may establish a *prima facie* case of retaliation by showing that (1) the plaintiff engaged in a protected activity; (2) he or she suffered an adverse employment action; and (3) there was a causal connection between the adverse action and the plaintiff's participation in the protected activity. *Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 710 (7th Cir.2002). If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to provide evidence of a legitimate, non-discriminatory reason for its actions. *Id.* at 711. If the defendant succeeds, the burden then returns to the plaintiff to show that the stated reason was pretextual. *Id.*

In order to provide a basis for reversing the district court, Antonson must argue on appeal that he established both a *prima facie* case and pretext. But Antonson does not challenge the district court's conclusion that he failed to establish a *prima facie*

case, focusing instead only on pretext. Antonson's failure to challenge the district court's conclusion that he did not establish a *prima facie* case dooms his appeal. *A.E.I. Music Network v. Business Computers, Inc.*, 290 F.3d 952, 956 (7th Cir. 2002) (party waives argument by not developing it in appellate brief).

We also note that just five days before oral argument Antonson filed an unsigned motion for leave to file a reply brief, which was over a month late. The motion offers no explanation for missing the original deadline and we deny it. Nothing in the proposed reply brief, however, would have altered our decision to affirm the district court's judgment.

MOTION DENIED and JUDGMENT AFFIRMED.