# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1168

_____

Melondy Bacon,                                    *
                                                  *
        Plaintiff – Appellant,                    *
                                                  *
    v.                                            *
                                                  *
Hennepin County Medical Center,                   *
                                                  *
        Defendant – Appellee.                     *


        _____                   Appeals from the United States
                                      District Court for the District
        No. 08-1237                   of Minnesota.
        _____

Melondy Bacon,                                    *
                                                  *
        Plaintiff – Appellee,                     *
                                                  *
    v.                                            *
                                                  *
Hennepin County Medical Center,                   *
                                                  *
        Defendant – Appellant.                    *
                        _____

                Submitted: October 17, 2008
                 Filed:  December 22, 2008
                        _____

Before LOKEN, Chief Judge, BYE and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

The parties cross-appeal the district court's[1] grant of summary judgment in Hennepin County Medical Center's ("HCMC") favor. We affirm.

I

In 1992, Melondy Bacon began working as a janitor at HCMC. Beginning in approximately the summer of 2003, she began to periodically break out in hives while at work. This case arises from a hives outbreak on July 8, 2004. That same day, Bacon obtained paperwork pertaining to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54, from HCMC's Employee Health Services.

On July 14, 2004, Bacon saw her primary-care physician, Dr. Priya Kohli. Dr. Kohli filled out a FMLA medical certification form, indicating Bacon had a serious, chronic health condition, but was not presently incapacitated. Dr. Kohli answered "yes" to whether Bacon needed to take off work intermittently. With respect to the probable duration of intermittent leave, Dr. Kohli commented: "Difficult to assess[;] when symptoms occur [Bacon] cannot be at work for [about 24 hours]. Frequency varies, may be once/month [and] may last rest of life." Dr. Kohli estimated Bacon would need treatment once a month, and stated Bacon needed approximately twenty-four hours per "each event" for recovery. Dr. Kohli further indicated that Bacon's regimen of continuing treatment would require "avoidance of offending agent (? chemical at work)," as well as medication. In response to a question about whether Bacon was unable to work if medical leave was required because of her condition, Dr.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Kohli responded "yes," noting "as needs to avoid work environment as offensive chemical may be causing this continued exposure may lead to life threatening state." Finally, Dr. Kohli referred Bacon to an allergist.

On July 19, 2004, Bacon submitted her completed FMLA paperwork to her supervisor, Richard Smyrak, telling him, per her doctor's advice, she was going to be on leave until she saw an allergist. Smyrak partially filled out a "Supervisor's FMLA Approval Form." Smyrak signed and dated the form, but did not check a box to indicate whether he approved or disapproved Bacon's leave request. According to HCMC's policies, "[t]he supervisor, by signing and dating the form, is providing the County's formal approval that the employee's leave is FMLA-related." Nonetheless, Smyrak told Bacon she needed to get a note from her doctor confirming she could not work until she saw an allergist.

Bacon saw Dr. Kohli that same day. Dr. Kohli completed a second medical certification form, which was substantially similar to the form dated July 14, 2004. Dr. Kohli again indicated Bacon would need to miss work "when condition is active," and, when symptoms occur, Bacon cannot be at work for approximately twenty-four hours. In response to the same question about whether Bacon was unable to perform work if medical leave was required for her condition, Dr. Kohli wrote, "Yes as may be environmental exposure." Dr. Kohli also allegedly provided Bacon with a note stating Bacon "could not work until [she] saw an allergist and an occupational therapist." HCMC denies receiving such a note.

For about a month following the outbreak, Bacon called HCMC on every day she was scheduled to work to report she would not be coming in, and her absences were recorded by HCMC as FMLA leave. By calling in her absences, Bacon was

complying with HCMC's call-in policy, which requires an employee on indefinite sick leave to call in her absences every day.[2]

On August 5, 2004, however, Bacon stopped calling in her absences. Two years later, Bacon was deposed in connection with this case and claimed for the first time she stopped calling in because her supervisor, Smyrak, stated she did not have to call in while on FMLA leave. Smyrak denies making such a statement.

On August 11, 2004, Wanda Weber, the director of the department in which Bacon worked, wrote Bacon a letter informing her that, because she had been absent without calling for three days (August 5, 9, and 10), Bacon was "deemed to have resigned" from HCMC. The union contract governing Bacon's employment provides that three consecutive days of absence without notice is considered voluntary termination.

On August 18, 2004, Bacon responded she was on FMLA leave, had not resigned, and requested clarification. Bacon did not give any reason for her failure to call in her absences after August 4.

On September 13, 2004, Weber replied that, pursuant to the union contract, Bacon abandoned her job by not calling in for three days. Weber also stated Bacon "did not submit papers that qualified [her] for Family Medical Leave," and therefore she was not on FMLA leave on August 5, 9, and 10.

---

[2]An HCMC employee need not call in her absences if she "has provided [her] supervisor with written medical documentation specifying length of absence, including tentative date for return to work." There is no dispute Bacon's medical documentation neither specified the length of her absence nor provided a tentative return-to-work date.

After her termination, Bacon applied to the Minnesota Department of Employment and Economic Development for unemployment benefits. The department initially denied her application. Bacon successfully appealed the denial. In connection with the appeal, Bacon submitted a written statement in January 2005, which offered the following explanation for her failure to call in her post-August 4 absences:

> I had been calling in per the union contract until I received information on the federal guidelines for FMLA which did not require any call-ins. The Hennepin County personnel policies on Family Medical Leave . . . did not contain any directive to call in either. Therefore, I stopped calling in per the federal and County guidelines that I did not have to and worked on keeping doctor's appointments and getting better.

Bacon subsequently filed suit in the district court of Minnesota, alleging HCMC violated the FMLA by firing her while she was on FMLA leave. Although Bacon's amended complaint includes both retaliation and interference claims,[3] Bacon has abandoned the retaliation claim and now pursues only the interference claim. The parties filed cross-motions for summary judgment.

The district court granted summary judgment to HCMC, and denied summary judgment to Bacon. The court found Bacon was entitled to FMLA leave at the time HCMC fired her because she had a serious medical condition and was incapacitated from the July 8 hives outbreak until August 11, the date of her termination. The court

---

[3]"There are two types of claims under the FMLA: '(1) 'interference' or '(a)(1)' claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA[;] and (2) 'retaliation' or '(a)(2)' claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights.'" Phillips v. Mathews, --- F.3d ---, 2008 WL 4910860, at *3 (8th Cir. Nov. 18, 2008) (quoting Stallings v. Hussman Corp., 447 F.3d 1041, 1050 (8th Cir. 2006)).

nonetheless ruled in favor of HCMC because it was entitled to fire Bacon for having violated its call-in policy.

These cross-appeals followed. HCMC appeals the district court's holding Bacon was entitled to FMLA leave at the time her employment was terminated. Bacon appeals the district court's holding Bacon's termination for violation of HCMC's call-in policy did not violate the FMLA.

## II

We review the district court's grant of summary judgment *de novo*. Anda v. Wickes Furniture Co., 517 F.3d 526, 531 (8th Cir. 2008). Viewing the evidence and drawing all inferences in favor of the non-moving party, summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

## III

Because Bacon was terminated for failing to comply with HCMC's call-in policy, and she would have been terminated for doing so irrespective of whether these absences were related to FMLA leave, the district court correctly held she did not state an interference claim under the FMLA.

As "every discharge of an employee while she is taking FMLA leave interferes with an employee's FMLA rights," we assume HCMC interfered with Bacon's FMLA rights. Throneberry v. McGehee Desha County Hosp., 403 F.3d 972, 980 (8th Cir. 2005). That said, "an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights." Id. at 977; see also Phillips, 2008 WL 4910860, at *5.

HCMC asserts it terminated Bacon's employment because of her violation of its call-in policy, not because she exercised her right to FMLA leave.[4] HCMC's call-in policy requires employees on FMLA leave either to provide HCMC with a tentative date for their return to work or to call in daily to report their absence. Such a policy is permissible, as FMLA regulations specifically provide "[a]n employer may require an employee on FMLA leave to report periodically on the employee's status and intent to return to work." 29 C.F.R. § 825.309(a). Employers who enforce such policies by firing employees on FMLA leave for noncompliance do not violate the FMLA. See Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 878 (10th Cir. 2004) (employee's failure to adhere to employer's call-in policy defeated her FMLA interference claim); Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706, 710 (7th Cir. 2002) (same).

Bacon nonetheless argues the FMLA requires an employer to provide the employee with specific written notice of any call-in requirement at the time she files for FMLA leave, and, by failing to do so, HCMC violated the FMLA's notice requirements.[5] In support, she relies upon 29 C.F.R. § 825.301(b)(1):

> The employer shall [] provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining any consequences for failure to meet these obligations.

Importantly, Bacon ignores that the regulation goes on to specify exactly what is required in this notice. See id. §§ 825.301(b)(1)(i)-(viii). It then specifically states:

---

[4]Bacon does not argue HCMC enforced its call-in policy in a discriminatory manner by firing Bacon for conduct that would not have resulted in dismissal if committed by an employee who was not on FMLA leave.

[5]FMLA regulations provide: "If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against the employee for failure to comply with any provision required to be set forth in the notice." 29 C.F.R. § 825.301(f).

> The specific notice *may* include other information—e.g., whether the employer will require periodic reports of the employee's status and intent to return to work, *but is not required to do so*.

Id. § 825.301(b)(2) (emphasis added). Therefore, HCMC did not violate the FMLA's notice requirements.

HCMC made explicit that its call-in policy was effective even when an employee was on FMLA leave. First, its request for FMLA leave form requires the employee to acknowledge that "the Hennepin County Human Resources Rules (or applicable labor agreement) apply to my absences." Second, HCMC's FMLA employee handbook also specifically provides: "The Family and Medical Leave Act of 1993 does not change the County's leave of absence procedures"; and "The County's standard leave policies as specified in the Hennepin County Human Resources Rules and/or union contracts continue to apply."

Despite Bacon's knowledge of HCMC's call-in policy, she asserts she was excused from complying with it because her supervisor told her she no longer needed to call in her absences every day. The district court disagreed, as do we.

"[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 831 (8th Cir. 2008) (quoting Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006). Rather, the plaintiff "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

Bacon never claimed at the time of her termination or at her unemployment hearing that her supervisor, Smyrak, gave her permission not to call in her absences when they were FMLA related. At both her unemployment hearing and in her initial pleadings, Bacon only alleged HCMC failed to explain what the call-in requirements

-8-

were for employees on FMLA leave. Importantly, at her unemployment hearing, Bacon testified Smyrak did nothing to clarify the call-in issue for her. As the district court found, "it is impossible to believe that an employee with a large financial incentive to prove that she had not been fired for misconduct would not clearly and specifically protest that she had been fired for conduct that had been explicitly authorized by her supervisor." Thus, Bacon has not substantiated her claim regarding Smyrak's alleged statement with sufficient probative evidence that would permit a finding in her favor.

The district court properly granted summary judgment in HCMC's favor, and we need not reach the issues raised in HCMC's cross appeal.

IV

We affirm the district court.

_____