# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3602

———————

Loretta Thompson,                                    *
                                                     *
              Plaintiff-Appellant,     *    Appeal from the United States
                                       *    District Court for the
v.                                     *    Eastern District of Arkansas.
                                       *
CenturyTel of Central Arkansas, LLC,   *    [UNPUBLISHED]
                                       *
              Defendant-Appellee.      *

———————

Submitted: September 20, 2010
Filed: December 3, 2010

———————

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Appellant Loretta Thompson claims the district court[1] erred in granting summary judgment in favor of her employer, CenturyTel, on her Family and Medical Leave Act ("FMLA") interference claim. However, the record establishes that the district court did not err in determining that CenturyTel discharged Thompson for violating the company's call-in policy. Thus, we affirm.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

## I.

CenturyTel is a telecommunications company, with its main office in Jacksonville, Arkansas. Thompson began working for CenturyTel in 2003. In 2006, CenturyTel hired Thompson as a facility assigner in its Programming Department where she reported to Carolyn Wilson, a Programming Supervisor.

CenturyTel gave Thompson an employee handbook when it hired her and Thompson again acknowledged receiving the handbook in June 2005. The handbook included this policy regarding employee absences:

> Unless otherwise directed by the supervisor, employees must call the supervisor each day during a period of absence.

> An employee who fails to provide proper and timely notification for three consecutive workdays or three workdays in a 12-month period will be deemed to have voluntarily terminated their employment. . . .

Add. at 2.

Thompson acknowledged receiving written departmental policies from Wilson in 2006, 2007, and 2008. The departmental policies provided that employees were to call Wilson's office if they were to be absent. If they could not speak to Wilson personally, they were to leave a voice mail message notifying Wilson of their absence. In addition to this policy, Wilson also permitted her employees to call in weekly once their FMLA leave had been approved by human resources.

In the summer of 2006, Thompson applied for and received FMLA leave for July 10 through August 7. During this period, Thompson did not call in daily, as required under the employee handbook. When Thompson returned from her FMLA leave, Wilson gave her a verbal warning that when on approved FMLA leave, Thompson needed to call in weekly.

On April 30, 2007, Thompson did not report to work. Wilson called her at her home, and Thompson reported to work three hours late. Thompson claimed to not have been aware that she was scheduled to work that day.

On November 12, 2007, Thompson saw Dr. Devon Ballard for medical problems. On November 16, 2007, Thompson called in sick and told Wilson that her physician had taken her off work until November 21, 2007. She did not call or report to work on her next three scheduled shifts: November 17, November 20, or November 21. According to Thompson, she did not call Wilson every day while sick because she planned to apply for FMLA leave. Wilson reached Thompson on her cell phone on November 21, and Thompson told Wilson that her grandmother had just passed away. Wilson advised Thompson that she would be given funeral leave for her next two scheduled shifts. When Thompson returned to work, she applied for FMLA leave, which CenturyTel subsequently approved. Thompson received a written warning regarding her failure to call Wilson on November 17, November 20, and November 21. The warning stated:

> Loretta, this memorandum addresses the issue regarding your failure to comply with reporting requirements and proper attendance. The Company's "Attendance" policy found on page 8 of your employee handbook that [sic] states, "Unless otherwise directed by the supervisor, employees must call the supervisor each day during a period of absence." During your leave from November 16 through November 26, 2007, you should have reported absences to your supervisor daily, yet you failed to do so. During your absence, you only called in one day. Although not required to do so, I attempted to call you at your residence, and then made a second call and left a message[] for you to return the call. You did not return my call.
>
> . . . .
>
> In the future, you will be expected to be in regular attendance according to your scheduled shift. You will also be expected to be

prompt in returning from scheduled breaks and lunch periods. Failure to meet these expectations will lead to further discipline, up to and including termination.

Also, going forward you are expected to follow Company policies and procedures. If you need clarification or an explanation of any policy or procedure, you are expected to ask. Failure to do so could lead to further disciplinary action up to and including termination.

Add. at 4-5.

On January 29, 2008, Thompson left Wilson a voice mail message stating that she was sick. Thompson reported to work on January 30, 2008, but left in the morning for a doctor appointment. Later that day, Thompson left Wilson a voice mail message stating that she was sick and could not return to work until February 5, 2008. On January 31, 2008, Thompson called the Programming Department's general number and spoke with a co-worker. The co-worker said that Wilson was not in her office and offered to transfer Thompson to Wilson's voice mail. Thompson said she did not want to be transferred and that she would call Wilson back later. But Thompson did not call Wilson back or leave her a message that day. Thompson also did not call Wilson or leave her a message on February 1 or February 2, although she was scheduled to work both days.

On January 31, 2008, Wilson notified a human resources manager of the call-in policy violations. The human resources manager reviewed Thompson's file and recommended to her supervisor that CenturyTel terminate Thompson's employment for failing to call in three days in twelve months.

Thompson missed work again on February 2 and did not call Wilson. On February 5, 2008, Thompson returned to work and gave Wilson a note from her physician that stated he treated Thompson on January 30 and she could return to work on February 4. On that same day, CenturyTel supervisors met with

Thompson and terminated her employment. The CenturyTel supervisors provided Thompson a letter explaining that she had violated the call-in procedure seven times within the last twelve months. The letter stated that under the policy, three such violations within a twelve-month period constituted a voluntary resignation.

On February 27, 2008, Dr. Ballard filled out a Health Care Provider's Certification certifying that Thompson had a serious health condition under the FMLA and needed to be off work from January 29 through February 4, 2008. At that time, Thompson no longer worked for CenturyTel.

Thompson filed suit against CenturyTel, asserting claims under the Fair Labor Standards Act and the FMLA. CenturyTel moved for summary judgment, and Thompson moved for partial summary judgment. The district court granted CenturyTel's motion for summary judgment and denied Thompson's motion. Thompson appeals the district court's grant of summary judgment on her FMLA claim.[2]

## II.

"We review the district court's grant of summary judgment *de novo*." *Bacon v. Hennepin Cnty. Med. Ctr.*, 550 F.3d 711, 714 (8th Cir. 2008). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Thomas v. Union Pac. R.R.*, 308 F.3d 891, 893 (8th Cir. 2002).

An employee can bring two types of claims under the FMLA: (1) "interference" claims in which the employee alleges that the employer denied or interfered with her substantive rights under the FMLA; and (2) "retaliation" claims

---

[2]Thompson conceded to the district court that the statute of limitations barred her claim under the Fair Labor Standards Act. She does not appeal this issue.

in which the employee alleges that the employer discriminated against her for exercising her FMLA rights. *Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008). Thompson asserted interference and retaliation claims to the district court, and the district court rejected both claims. On appeal, Thompson pursues only the interference claim.

An employer is prohibited from interfering with, restraining, or denying an employee's exercise, or attempted exercise, of any FMLA right. 29 U.S.C. § 2615(a)(1). Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. It would also include manipulation by a covered employer to avoid responsibilities under FMLA." 29 C.F.R. § 825.220(b). "In an interference claim, an employee must show only that he or she was entitled to the benefit denied." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006) (quotation omitted). "An employee can prevail under an interference theory if he was denied substantive rights under the FMLA for a reason connected with his FMLA leave." *Id.* But an employer is not liable for an interference claim if the employer can prove it would have discharged the employee even if the employee had not exercised her FMLA rights. *Bacon*, 550 F.3d at 715.

CenturyTel argues it terminated Thompson because she violated its call-in policy by failing to call in on each day of her absence, as provided for in the employee handbook, or once a week after receiving FMLA approval, as permitted by her supervisor. CenturyTel claims Thompson violated the call-in policy seven times in a one-year period and, according to its handbook, an employee could be terminated for failing to call in three days in a one-year period.

We have previously held that an employer may terminate an employee on FMLA leave if she fails to comply with the employer's call-in requirement. *See Bacon,* 550 F.3d at 715. We explained that, "a [call-in] policy is permissible, as

FMLA regulations specifically provide '[a]n employer may require an employee on FMLA leave to report periodically on the employee's status and intent to return to work.'" *Id.* (quoting 29 C.F.R. § 825.309(a)). Thompson does not dispute that she failed to comply with CenturyTel's call-in requirement. Because CenturyTel's reason for dismissing Thompson, Thompson's repeated violations of the company's call-in policy, is unrelated to her FMLA leave, the district court did not err in granting summary judgment on Thompson's FMLA claim. *See Stallings*, 447 F.3d at 1051.

Thompson next argues that CenturyTel violated the FMLA by failing to provide her written notice of the call-in policy each time she requested FMLA leave. We previously rejected this argument. *See Bacon*, 550 F.3d at 715 (holding that an employer is not required to provide an employee with specific written notice of a call-in requirement when that employee files for FMLA leave). While the FMLA includes a notice provision requiring that an employer provide notice of certain expectations to its employees, the FMLA expressly states that employers are not required to provide a notice explaining whether the employer will require "periodic reports of the employee's status and intent to return to work." *Id.* (quoting 29 C.F.R. § 825.301(b)(2)).

Moreover, Thompson acknowledged receiving CenturyTel's employee handbook, which informed her of the responsibility to call in daily when absent. Century Tel also provided her a written and verbal warning of her absences, again explaining the policy. Therefore, we conclude CenturyTel did not violate FMLA's notice requirements.

### III.

We conclude the district court properly granted summary judgment to CenturyTel on Thompson's FMLA claim. We affirm.

_____