Richard Lane HOPKINS, Appellant

v.

GRANT THORNTON, LLP, Appellee.

No. 12–7037.

United States Court of Appeals,
District of Columbia Circuit.

May 3, 2013.

Keith William Diener, Art of Lawyering PLLC, Alexandria, VA, for Appellant.

Jonathan G. Rose, Emily Seymour Costin, Alston & Bird, LLP, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

*JUDGMENT*

This case is before us on appeal from the grant of summary judgment. The issues were considered on the record and the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's March 31, 2012, order granting summary judgment on all claims to Grant Thornton, LLP, be affirmed.

Appellant Richard Hopkins was employed by Grant Thornton, LLP, (Grant Thornton) in its Alexandria, Virginia, office from September 2007 until March 2010. From April 2008 until August 2009, Grant Thornton sent Hopkins to work on a project in Iraq that was funded by the Department of Defense. Upon returning to Virginia, there was still some work for him on the Iraq project, but Hopkins had trouble finding other work at the firm, and his billable hours suffered a sharp decline. Whereas Hopkins averaged more than two hundred billable hours per month from May through October 2009, he billed less than ninety hours each month from November 2009 through February 2010. Aware that his hours were low, in March

2010 Hopkins emailed coworkers that his "job is in jeopardy" and that his "head is next on the chopping block." He was able to pick up another project in February 2010, but the quality of his work was so far below the firm's expectations that he was soon taken off the project. On March 11, Hopkins notified human resources at Grant Thornton that his diminished hours were the result of depression, anxiety, and stress that he needed medical leave to address. The day before, Grant Thornton learned that the Department of Defense would cancel funding for the Iraq project at the end of the month. As a result, Grant Thornton shuttered its international division, firing the division head and many of its employees, including Hopkins, who was let go on March 16, 2010.

Hopkins brought suit under the Family and Medical Leave Act (FMLA) and the District of Columbia Family and Medical Leave Act (DCFMLA), claiming that his firing interfered with rights granted him by these statutes and was done in retaliation for his efforts to invoke their protection. *See* 29 U.S.C. § 2601 *et seq.*; D.C.Code § 32–501 *et seq.* The district court granted summary judgment against Hopkins on all his claims. *Hopkins v. Grant Thornton Int'l,* 851 F.Supp.2d 146 (D.D.C.2012). On appeal, he raises three challenges. We review the judgment of the district court de novo and affirm.

Hopkins's interference claim turns on his reading of 29 C.F.R. § 825.305, which provides a fifteen-day window for employees to submit a certification verifying their medical leave is necessary. Hopkins argues that Grant Thornton could not lawfully fire him during this period, which he says began to run when he discussed taking FMLA leave with human resources on March 11. But Hopkins misreads the regulations. The fifteen-day window does

not bar termination for a valid business reason such as low hours or being part of a project that comes to an end. "[A]n employee may be dismissed … if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Smith v. Diffee Ford–Lincoln–Mercury, Inc.*, 298 F.3d 955, 961 (10th Cir.2002) (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir.1998)); *see also Bacon v. Hennepin County Med. Ctr.*, 550 F.3d 711, 715 (8th Cir.2008) (" '[A]n employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights.' ") (quoting *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977 (8th Cir.2005)).

■ Hopkins's retaliation claim rests on the temporal proximity between his March 11 meeting with human resources and his firing, as well as his allegations that other fired employees were treated more favorably than he was. For example, Hopkins alleges that they were given more notice of their terminations, which occurred later in March. Grant Thornton asserts instead that Hopkins was fired because his hours had·been so low for so long with no prospect of improvement. Indeed, he billed fewer than ninety hours in every month from November 2009 until his firing. Hopkins acknowledged as much in his emails to coworkers. And with the end of the Iraq project, he had no prospect of future work at Grant Thornton. He was quickly removed from the one project he was able to join when he failed to show up consistently and exhibited unprofessional and rude behavior. There is no support in the record for Hopkins's effort to cast his firing as pretext.

■ Finally, Hopkins has no claims under the DCFMLA because he was not an employee "in the District of Columbia," and the statute does not apply to him. Hopkins was hired by and worked out of the Alexandria, Virginia, office of Grant Thornton. His brief work on a project in the District of Columbia does not allow him to invoke the protection of the DCFMLA.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.